IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGG IRVING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>FMA ALLIANCE, LTD.<br><br>Defendant | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>: CASE NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### PRELIMINARY STATEMENT

This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA"). Plaintiff brings this action both individually on his own behalf and as a class action on behalf of all other persons similarly situated, to recover damages for himself and to enjoin Defendant's unlawful conduct as it affects all other consumers residing within the United States.

The Fair Debt Collection Practices Act 15 U.S.C.S. § 1692 et seq., regulates and restricts the acquisition of information about debtors. 15 U.S.C.S. §§ 1692b, 1692c. It further prohibits conduct whose natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C.S. § 1692d. And it bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C.S. § 1692e, while proscribing unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C.S. § 1692f.

Defendant violates the FDCPA if they fail to convey information required by FDCPA; even if Defendant conveys required information, they nonetheless violate FDCPA when they convey that information in confusing or contradictory fashion so as to cloud the required message with uncertainty.

This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA").

Defendant's mistreatment of Plaintiff was in fact indiscriminate, occurring in the regular course of debt collection business whereby Plaintiff was treated in the same general manner as it treats other consumers who are the objects of its collection efforts.

Plaintiff therefore seeks hereby to recover actual, statutory, treble, and punitive damages on behalf of himself individually, as well as declaratory and equitable relief on behalf of the class which he seeks to represent, together with reasonable attorneys' fees and costs.

## JURISDICTION

1. Jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and the doctrine of pendent jurisdiction.

## PARTIES

2. Plaintiff, Gregg Irving, is a natural person who resides in Land O Lakes, Florida, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant, FMA Alliance, Ltd., is believed to be a Texas corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business at 11811 North Freeway, Suite 900, Houston, TX 77060 and a registered office at 116 Pine Street, Suite 320, Harrisburg, PA 17101, regularly collects or

attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. On or about January 22, 2010, Defendant's agent placed a telephone call to the home of Plaintiff's parents' in an apparent attempt to contact Plaintiff.

5. Defendant's phone number registered as "DEBT COLLECTOR" on their caller-id. See photo of caller-id appended hereto and marked "**EXHIBIT A**".

6. The telephone number referenced in "Exhibit A" when dialed connects to the Defendant.

7. Any such calls whether for location purposes or direct contact with the Plaintiff or others similarly situated constitute third-party disclosure and/or communication.

8. As a result of the foregoing harassing acts of Defendant, and in order to punish them for outrageous and unlawful conduct as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## CLASS ACTION

9. This action is maintained as a class action on behalf of the following described class: all consumers residing in the United States who, commencing one year before the date of filing of this *Complaint*, have been or will be the objects of Defendant's unlawful debt collection efforts as stated above.

10. This action is appropriately maintained as a class action as the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common

to the class, the claims of the representative party are typical of the claims of the class, and the representative party will fairly and adequately protect the interests of the class; in addition, Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

11. Unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff and the class whom he represents will suffer substantial and irreparable injury for which they have no adequate remedy at law.

## CAUSES OF ACTION

*COUNT I*
*VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
PLAINTIFF V. DEFENDANT

12. The foregoing paragraphs 1 through 11 are incorporated herein as if more fully set forth hereafter.

13. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to:

   a. §1692ca(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm;

   b. §1692c(b): With anyone except consumer, consumer's attorney, or credit bureau concerning the debt;

   c. §1692d: Using conduct the natural consequence of which is to harass the Plaintiff;

  d.  §1692d(5):  Caused the phone to ring or engaged any person in telephone conversations repeatedly;

  e.  §1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about the consumer;

  f.  §1692e(14):  Any name other than the true name of the debt collectors business;

  g.  §1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt;

14. Plaintiff is entitled to recover actual damages, statutory damages, reasonable attorney's fees, and costs.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Enter an order certifying this action as a class action.

2. Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant to be unlawful, enjoining Defendant from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate, including ordering Defendant to disgorge itself of all ill-gotten and illegal sums which it has collected as a result of its unlawful conduct.

3. Award actual damages.

4. Award punitive damages.

5. Award statutory damages.

6. Award treble damages.

7. Award reasonable attorney's fees.

8. Award costs.

9. Grant such other and further relief as it deems just and proper.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: February 12, 2010**          BY:  /s/ *Brent F. Vullings*

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff